Chris ANTZ, Appellee,

v.

GAF MATERIALS CORPORATION,
Appellant.

Superior Court of Pennsylvania.

Submitted June 23, 1998.
Filed Sept. 16, 1998.
Reargument Denied Nov. 12, 1998.

Dirk Berger, Pottsville, for appellant.

Frederick J. Fanelli, Pottsville, for appellee.

Before POPOVICH, ORIE MELVIN and SCHILLER, JJ.

ORIE MELVIN, Judge.

Appellant, GAF Materials Corporation ("GAF"), appeals from judgment entered on the order of December 15, 1997 in the Court of Common Pleas of Schuylkill County denying GAF's motion for judgment notwithstanding the verdict. GAF challenges the trial court's order denying its motion on the ground the court erred in finding Appel-

lee Chris Antz's claims were not time-barred. We find Mr. Antz's claims based on the express warranty were not time barred under 13 Pa.C.S.A. § 2725 because the complaint was filed within four years after discovery of defects in the shingles. Furthermore, we find the limitation of damages provisions contained in GAF's express limited warranty are unconscionable and unenforceable. Therefore, we affirm.

The essential facts are as follows. On or about August 1, 1989 GAF, a manufacturer of shingles, shipped forty-eight squares of its Timberline shingles to Mr. Antz for purposes of installation at his newly constructed home. The package in which the shingles were shipped contained a label stating the shingles were covered by a thirty year limited warranty and a copy of the warranty was available from the distributor of the shingles or directly from GAF. No other language appeared on the label to clarify the express limited warranty, and no other warranty language was included with the shingles when they were delivered to Mr. Antz. The express limited warranty contained a disclaimer of the implied warranties of merchantability and fitness for a particular purpose. In addition, it contained language limiting replacement labor costs to within the first year following installation.

After approximately forty-eight months of use, the shingles showed signs of defects, and Mr. Antz made a claim to GAF pursuant to the thirty-year warranty. After investigation it was determined the shingles contained manufacturing defects. GAF sent Mr. Antz a letter dated December 29, 1994 informing him that his claim was being approved for settlement. GAF thereafter sent Mr. Antz a roofing materials certificate for Timberline shingles. Mr. Antz refused to redeem the certificate and instead retained a roofer to install another brand of shingles on his house.

Mr. Antz commenced an action against GAF asserting breaches of express warranty, warranty of merchantability and warranty of fitness for a particular purpose. He sought to recover the labor costs involved in replacing the Timberline shingles and the value of the new shingles. The complaint was filed on December 15, 1996. GAF filed a motion for partial summary judgment seeking dismissal of Mr. Antz's claims for replacement labor costs in connection with the defective shingles, arguing such claims were time barred under 13 Pa.C.S.A. § 2725 and were precluded based on GAF's disclaimer of implied warranties and its express limited warranty's limitation of damages provisions. The trial court denied partial summary judgment by opinion and order dated March 18, 1997. It refused to grant summary judgment pursuant to a warranty that limited the remedies available to Mr. Antz when the warranty was not included with the product. It also found the statute of limitations had not run because the action was commenced within four years after the defect was discovered.

Both parties agreed to submit the matter for the trial court's decision based on stipulated facts. The trial court issued an opinion and order awarding Mr. Antz damages in the amount of $11,745.00 for replacement labor costs and the replacement shingles.[1] GAF filed post-trial motions seeking judgment notwithstanding the verdict, or in the alternative, relief in the form of a molded verdict. In its motion GAF again argued Mr. Antz's claims for replacement labor costs are based on implied warranties because its express warranty limits recovery for such costs to one year and that any claims for implied warranties are time barred. By order, the trial court denied GAF's motion for judgement n.o.v. and granted its motion for a molded verdict, reducing the award of damages to $9,349.73 to reflect the value of the replacement shingles tendered by GAF but refused by Mr. Antz. This timely appeal followed.

---

1. In its opinion, the trial court held that based on the express warranty, Mr. Antz's action was filed within the statute of limitations. The court also held the disclaimer of implied warranties found in the express warranty was not conspicuous and did not contain the word merchantability. Therefore, it found the disclaimer and the entire express warranty unenforceable. Finally, because it found the express warranty unenforceable, the court determined damages based on breaches of the implied warranties.

Our standard of review of a trial court's denial of a motion for judgment notwithstanding the verdict is whether there was sufficient competent evidence to sustain the verdict. *Ferry v. Fisher*, 709 A.2d 399 (Pa.Super.1998). Judgment notwithstanding the verdict will be entered only in a clear case where the facts are such that no two reasonable minds could fail to agree that the verdict was improper. *Pirozzi v. Penske Olds–Cadillac–GMC Inc.*, 413 Pa.Super. 308, 311–13, 605 A.2d 373, 375 (1992). An appellate court will reverse a trial court ruling only if it finds an abuse of discretion or an error of law that controlled the outcome of the case. *Timbrook v. Foremost Ins. Co.*, 324 Pa.Super. 384, 386–87, 471 A.2d 891, 892 (1984).

The issue before us is whether Mr. Antz's claims are barred by the statute of limitations. GAF maintains Antz's claims filed on December 15, 1995, more than six years following the August 1, 1989 tender of delivery of the original shingles, is well beyond the general four year limitations period for breach of warranty claims provided under 13 Pa.C.S.A. § 2725.

Section 2725 of the Uniform Commercial Code – Sales states in pertinent part:

(a) **General rule**. – An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued . . .

(b) **Accrual of cause of action**. – A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

13 Pa.C.S.A. § 2725(a) and (b). Section 2725(a) permits an action to be brought within four years from tender of delivery of the goods. The shingles were delivered on Au-

gust 1, 1989. The complaint was not filed until December 15, 1995, well beyond four years. However, the exception outlined in § 2725(b) increases the period of limitations where the warranty explicitly extends to future performance of the goods and discovery of the breach must await future performance. In such instances a cause of action accrues when the breach is or should have been discovered. Implied warranties of merchantability and fitness for a particular purpose cannot explicitly extend to future performance. *Nationwide Insurance Company v. General Motors*, 533 Pa. 423, 433–35, 625 A.2d 1172, 1178 (1993). Therefore, claims for such warranties must be commenced within four years from tender of delivery.

In the instant case, Mr. Antz's claims for breach of the implied warranties of merchantability and fitness for a particular purpose are time barred. Such claims were not filed within four years after tender of delivery of the shingles and do not meet the exception under § 2725(b) as they cannot relate to future performance. *Nationwide, supra*. However, the express warranty provided a thirty year limited warranty. Such a warranty explicitly extends to future performance of the shingles up to thirty years.[2] Mr. Antz initially discovered the defects in the shingles four years after they were delivered in August 1989. GAF acknowledged the shingles were defective by letter dated December 29, 1994. The complaint, filed on December 18, 1995, was well within the four year period of limitations if the discovery of the defect occurred when either Mr. Antz initially noticed the defects or GAF acknowledged the defects in December 1994.

GAF contends Mr. Antz's claims are necessarily based on implied warranties and are therefore time barred. Because the terms of the express limited warranty do not provide for replacement labor costs beyond one year from the date of completion of installation, GAF maintains Mr. Antz's claims must be based on implied warranties. In response, Mr. Antz argues the question of whether replacement labor costs are covered by the

---

**2.** In fact, GAF states "the terms of [its] limited warranty extend to future performance." GAF's brief, p. 11.

express warranty goes to the remedy sought not to whether a breach occurred to toll the statute of limitations. We agree.

Whether the limitation of damages provisions found in the limited express warranty prohibits Mr. Antz's claim for replacement labor costs has no bearing on when the statute of limitations began to run. Mr. Antz's express warranty claim is not barred by the statute of limitations. Whether the language of the express warranty limits Mr. Antz's recovery is another issue.

■ The limitation of damages provisions in question set forth in the express limited warranty read as follows:

2. REMEDIES AND LIMITATION OF LIABILITY. To remedy breach of the above warranties, GAF will:

a. replace professionally installed Shingles containing manufacturing defects within one year of completion of installation with an equivalent amount of Shingles and will pay 100 percent of the reasonable labor cost for replacing these Shingles, provided, however, that GAF's maximum liability will not exceed the original purchase price of the Shingles and the reasonable original installation costs. During the remaining warranty period, GAF will adjust valid claims for professionally installed Shingles containing manufacturing defects by an amount determined by decreasing annually the original purchase price of the Shingles divided by the remaining warranty period, less any costs incurred by GAF for replacement during previous years.

2. LIMITATIONS ON COVERAGE. GAF will not be liable for and this warranty does not apply to:

a. labor costs incurred for the application of the Shingles except as provided herein, tear-off, metal work, flashing or other related work ...

■ We must consider whether GAF succeeded in limiting its liability for replacement labor costs. Section 2714(c) of the U.C.C. provides that incidental or consequential damages may be recovered in an action for breach of warranty. 13 Pa.C.S.A. § 2714(c). Consequential damages include "any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know ..." 13 Pa.C.S.A. § 2715(b)(1). Consequential damages can include replacement labor costs. *See Cober v. Corle*, 416 Pa.Super. 191, 610 A.2d 1036 (1992) (holding that cost of removing ineffective installation from building and replacing it with new installation was proper measure of damages for seller's breach of warranty). It is likely GAF would certainly have reason to know that if the shingles were defective, Mr. Antz would have to replace them and incur labor costs in doing so. The fact GAF's express warranty contained language limiting damages for replacement labor costs supports this. Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. 13 Pa.C.S.A. § 2719(c).

■ A provision is unconscionable if 1) one of the parties had no meaningful choice with respect to the provision, and 2) the provision unreasonably favors the other party. *Borden, Inc. v. Advent Ink Company*, 701 A.2d 255, 264 (Pa.Super.1997). "In determining whether a clause is unconscionable, the court should consider whether, in light of the general commercial background and the commercial needs of a particular trade, the clause is so one-sided that it is unconscionable under the circumstances." *Id. quoting Jim Dan Inc. v. O.M. Scott & Sons, Co.*, 785 F.Supp. 1196, 1200 (W.D.Pa.1992).

The question before us is whether Mr. Antz had a meaningful choice regarding the provisions limiting damages for replacement labor costs and whether those particular provisions unreasonably favored GAF. We find the provisions unconscionable and therefore unenforceable for the following reasons.

The limitation of remedies provisions were not provided to Mr. Antz at the time of purchase and delivery. The only information Mr. Antz was provided when the shingles were shipped was a label which included language stating "30–Year LIMITED WARRANTY only" and "[t]his product is sold with an express LIMITED WARRANTY only. A

copy of the LIMITED WARRANTY stating its terms and restrictions may be obtained from the distributor of this product or directly from GAF Building Materials Corporation . . . ." The language explaining the terms and conditions of the limitations was not given to Mr. Antz.

In consumer cases, the conspicuousness of a limitation of damages provision is a factor in considering whether a provision is unconscionable. *Moscatiello v. Pittsburgh Contractors Equipment Company*, 407 Pa.Super. 363, 595 A.2d 1190 (1991); *Germantown Manufacturing Co. v. Rawlinson*, 341 Pa.Super. 42, 491 A.2d 138 (1985). In *Moscatiello*, a highway contractor brought an action for breach of contract and breach of warranty against a dealer from whom he purchased a paving machine. Judgment was entered in favor of the contractor. On appeal, the dealer argued the trial court erred in failing to calculate the damages in accordance with the limitations of remedies provision set forth in the sales agreement. This Court found the limitations of remedies provision prohibiting incidental and consequential damages was unconscionable because the contractor who purchased the defective machine lacked prior experience in negotiating contracts for paving machines and because the provision was buried inconspicuously in fine print on the reverse side of the sales agreement.

In the present case, the language limiting Mr. Antz's damages was well beyond merely inconspicuous.[3] The provisions were not even in his possession but in the possession of GAF. If Mr. Antz was not provided with the limitations, then it cannot be said that he had any meaningful choice with regard to those limitations. Furthermore, Mr. Antz ordered the shingles for installation on his new home. He did not install them himself

but hired a roofer. He was clearly not a commercial customer. As an individual buying roofing material for his home, Mr. Antz was certainly not in a position to expect that if the shingles were defective he would not be reimbursed for the cost of replacing them beyond one year after their installation, especially in light of the label he received which indicated the shingles were covered by a thirty year warranty.

We find such provisions unreasonably favor GAF because the cost of installing the shingles far exceeds the cost of the materials. The thirty-year warranty on the shingles loses much of its allure when the limitation of damages provisions are made apparent. In the instant case, the provisions were not made apparent to Mr. Antz. Accordingly, we find the limitation of damages provisions contained in the warranty are unconscionable and unenforceable.[4] Therefore, the provisions cannot prohibit Mr. Antz's claim for replacement labor costs or the trial court's award of damages for such costs.[5]

■ We note the trial court found the entire express warranty unenforceable based on the disclaimer of the implied warranties that failed to conform to the statutory requirements of 13 Pa.C.S.A. § 2316(b). Based on its finding that the entire express warranty was unenforceable the trial court determined damages pursuant to breach of implied warranties. Trial Court Opinion, November 12, 1997, p. 7. Section 2316 protects buyers from inconspicuous language excluding implied warranties by invalidating such exclusionary language. *Moscatiello, supra* at 370–72, 595 A.2d at 1194. The entire agreement, or in this case the entire express warranty, need not be unenforceable as the trial court found. Furthermore, the trial court's award of damages based on breach of

3. A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. 13 Pa. C.S.A. § 1201. The provisions in issue were clearly not conspicuous.

4. Section 2302 of the U.C.C. allows the court to refuse to enforce the contract as a whole or any single clause or group of clauses if permeated by unconscionability. 13 Pa.C.S.A. § 2302(a).

5. GAF also argues because Mr. Antz refused the replacement shingles tendered by him, he has

failed to mitigate his damages and is estopped from asserting any claim for damages. GAF's argument was made in a single sentence in the summary of argument section of its brief. GAF failed to make any other mention of this argument and it failed to cite pertinent authority in support thereof. GAF's bald assertion is not sufficient to permit meaningful appellate review. *McClung v. Breneman*, 700 A.2d 495 (1997). Therefore, we find this issue is waived.

implied warranties is improper because such claims are time barred. We believe the trial court should have refused to enforce the disclaimer of implied warranties rather than find the express warranty unenforceable as a whole. Therefore, Mr. Antz's recovery of damages for replacement labor costs would be based on breach of the express warranty instead of breach of implied warranties as the trial court found.[6]

Judgment affirmed.

---

6. We may affirm for reasons other than those relied upon by the trial court. As long as the result is correct, the decision will be affirmed.

*Schreffler v. Pennsylvania Insurance Guaranty Association,* 402 Pa.Super. 309, 586 A.2d 983 (1991).